UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIRA GODCHEAUX-BOUDREAUX,**<br><br>      Plaintiff<br><br>Versus<br><br>**CITY OF NEW ORLEANS,**<br><br>      Defendant | Case No.: 21-1525<br><br>JUDGE:<br><br>MAGISTRATE:<br><br><br>**JURY TRIAL DEMANDED** |

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:

**COMPLAINT**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Kira Godcheaux-Boudreaux (herein "Ms. Godcheaux-Boudreaux" or "Plaintiff"), who respectfully avers the following:

**I. PARTIES**

1. Made Plaintiff herein is:

    a. Kira Godchaux-Boudreaux ("Ms. Godchaux-Boudreaux" or "Plaintiff"), a person of the full age of majority, and domiciled in the Parish of Orleans, State of Louisiana.

2. Made Defendant herein is:

    a. the City of New Orleans as the New Orleans Police Department ("NOPD" or "Defendant") is a branch therein.

1

## II.  JURISDICTION AND VENUE

3.

This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this lawsuit is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.  This Court has jurisdiction over the Louisiana state law claims asserted herein pursuant to 28 U.S.C. § 1367, as said state law claims form part of the same case or controversy under Article III of the United States Constitution.

## III.  FACTS

4.

Plaintiff was hired as a police officer with New Orleans Police Department ("NOPD") in November 1997.  The New Orleans Police Department is a branch of the City of New Orleans.

5.

Initially, Plaintiff was a Police Officer 1, under the supervision of a district sergeant. Over time, Plaintiff held various roles with the NOPD including detective, undercover agent, field training officer and, most recently, a Police Officer 4, which is the most senior level officer within the department.

6.

On or about September 2016, Plaintiff was hurt on duty suffering injuries to her neck and back.

7.

As a consequence of these injuries, Plaintiff was put on work restrictions or limited duty, and was assigned to the Alternative Police Response Unit ("APR Unit").

8.

Her immediate supervisor was Stephanie Tallion, a sergeant in this department.

9.

On or about June 20, 2020, while assisting a co-worker, Donna Alexander, with an online report, Plaintiff was sexually assaulted by Sergeant Tallion. Sergeant Tallion was in full uniform with a side arm when this happened.

10.

For fear of retaliation, Plaintiff originally did not report this.

11.

However, an anonymous complaint was made to the NOPD Public Integrity Bureau.

12.

On or August 20, 2020, Plaintiff was contacted by Lieutenant Precious Banks of the Public Integrity Bureau and asked about the assault.

13.

Plaintiff met with Lieutenant Banks and provided a statement and expressed concern about retaliation for the statement, including fear for her safety and that of her children.

14.

The Public Integrity Bureau continued the investigation taking statements from everyone assigned to the unit, including, upon information and belief, Sergeant Tallion.

15.

Shortly after providing her own statement and the initiation of the investigation, Plaintiff began experiencing retaliatory behavior from Sergeant Tallion, including intimidation and further harassment.

16.

This continued throughout Plaintiff's time at the APR Unit until she was detailed to the Hit and Run Unit of the NOPD.

17.

Such harassment and intimidation included but, was not limited to, the following: unannounced home visits by other officers, frequent telephone calls where caller would hang-up immediately, a dead bird was left on her threshold, frequent knocks on the door where someone would leave right away, and on three different occasions her vehicle windows were shattered on within a thirty day timespan.

18.

This caused Plaintiff tremendous stress and trauma whereby she has been seeking medical assistance.

19.

Additionally, Plaintiff was abruptly transferred to the district where various work duties were taken away from her including the ability to work details which resulted in a substantial loss of income.  This was done in retaliation for her participation in the investigation into Sergeant Tallion's misconduct.

## IV. CAUSES OF ACTION

### COUNT I: SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT

20.

Plaintiff hereby incorporates all foregoing allegations by reference for the purposes of this count.

21.

Title VII and the Louisiana Employment Discrimination Law prohibits discrimination in the workplace on the basis of sex.

22.

Sergeant Tallion sexually harassed Plaintiff and subjected her to a hostile work environment.

23.

Defendant, NOPD was aware of this conduct and did nothing, acting with malice and reckless disregard of Plaintiff's federally protected rights.

**COUNT II: RETALIATION**

24.

Plaintiff hereby incorporates all foregoing allegations by reference for the purposes of this count.

25.

Title VII and the Louisiana Employment Discrimination Law prohibits retaliation for reporting sexual harassment.

26.

Plaintiff, on numerous occasions, reported that she was being sexually harassed and subjected to a hostile work environment.

27.

Not only was nothing done, but also Plaintiff has been demoted for reporting the illegal conduct and/or participating in the investigation of the illegal conduct of Sergeant Tallion.

28.

Defendant acted with malice and reckless disregard of Plaintiff's federally protected rights.

### COUNT III: 42 U.S.C. § 1983 RETALIATION

29.

Plaintiff incorporates by reference all the foregoing allegations.

30.

Plaintiff has participated in, and continues to participate in, an investigation into the conduct of Sergeant Tallion and other matters related to the NOPD. As a result she has suffered reprisal as described above resulting in her losing income opportunities and suffering severe emotional distress.

31.

Plaintiff's speaking out about this harassment/assault has been a motivating factor in her suffering reprisal by the NOPD, as Defendant has known about Plaintiff's participation in the harassment/assault investigations.

32.

Plaintiff's exercise of her free speech rights in participating in the sexual harassment/assault investigation are clearly a matter of public concern as, upon information and beleif, there is a criminal matter pending in the Parish of Orleans.

### V. DAMAGES

33.

As a result of the foregoing, Plaintiff is entitled to an award of damages to include all compensatory, special, punitive and other damages as are reasonable in the premises, including, but not limited to:

6

    a. Back pay;

    b. Front pay;

    c. Past, present, and future emotional distress;

    d. Past, present, and future mental anguish;

    e. Medical expenses, past, present, and future;

    f. Punitive damages;

    g. Attorney fees;

    h. Expert witness fees,

    i. Judicial interest;

    j. Court costs; and

    k. All other relief to which she may be entitled by law or equity.

## VII. PRAYER

**WHEREFORE**, Plaintiff, Kira Godchaux-Boudreaux, prays that after due proceedings had, there be judgment rendered in her favor, and that she be awarded compensatory damages, punitive damages, attorneys' fees, costs, legal interest, expert witness fees, and any other relief to which she is entitled under law and/or equity.

## JURY DEMAND

Plaintiff requests a trial by jury.

Respectfully submitted,

SANGISETTY LAW FIRM, LLC

*/s/ Ravi Sangisetty*
Ravi K. Sangisetty, BAR NO. 30709
3914 Canal Street
New Orleans, Louisiana 70119

Telephone: 504-662-1016
Facsimile: 504-662-1318
rks@sangisettylaw.com
ATTORNEYS FOR PLAINTIFF

*************SERVICE TO BE ACCOMPLISHED THROUGH WAIVER*************