MINUTE ENTRY
DOUGLAS, M.J.
MAY 13, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIRA GODCHAUX-BOUDREAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1525** |
| **NEW ORLEANS CITY** | **MAG. SECTION  3** |

On April 20, 2022, a Motion to Compel Initial Rule 26 Disclosures (Rec. Doc. No. 14) filed by defendant, New Orleans City, came on for oral hearing before the undersigned. Present were:

Amanda Joy Olmsted on behalf of Plaintiff;

Elizabeth S. Robins and Eraka W. DeLarge on behalf of Defendant.

For the reasons stated on the record,

**IT IS ORDERED** that the Motion to Compel Initial Rule 26 Disclosures (Rec. Doc. No. 14) is **GRANTED** to the extent that any additional information exists regarding computations of the lost wages and medical expense claims asserted by Plaintiff. (Rec. Doc. No. 14).  The Court notes that "[a] party must make its initial disclosures based on the information then reasonably available to it." Fed. R. Civ. P. 26(a)(1)(E). Furthermore, a party has a duty to supplement disclosures, "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing..." Fed.

MJSTAR: 00:18

R. Civ. P. 26(e)(1)(A). Plaintiff is ordered to supplement her initial disclosures by **Friday, May 20, 2022**.

Specifically, Defendant seeks detailed calculations identifying the amount of the past, present, or future lost wage claims asserted by Plaintiff, as well as computations evidencing how the amount of damages claimed for medical expenses was determined. *Id*. at 3-4. Defendant also notes that Plaintiff has not provided supporting documentation for either claim. *Id*. at 4.

Under Rule 26, a party must provide "a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material… on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). Plaintiff supplemented her initial disclosures to provide that she is seeking $700,000 under Title VII and 42 U.S.C. § 1983 for general damages, punitive damages, attorney fees, expert witness fees, judicial interest, court costs, and all other relief she may be entitled to by law or equity. (Rec. Doc. No. 14-7, p. 6-7). Plaintiff also disclosed that she grossed an estimated $4,000-$5,000 every two weeks but is currently grossing $1,400 due to certain duties being removed and being out on workers' compensation. *Id*. at 6. Further, Plaintiff disclosed that the amount of back pay sought is based on "what she would have earned versus what she is earning under workers' compensation," and that the exact computation could not be completed at this time, because she intends to rely on tax documents and/or an expert economist to make that determination. *Id*.

During oral argument, Plaintiff argued that the Defendant, as her employer, has access to the information being sought. Defendant disagreed and contended that it does not have access to certain information without order of the Court. Nevertheless, the fact that information, "may be ascertainable by [a] defendant/employer does not relieve the plaintiff of his/her obligation to supply that information through initial disclosures and discovery responses. *Thomas v. Innovative Emergency Mgmt., Inc.*, Civ. A. No. 06-886-B-M2, 2008 WL 11351620, at *2 (M.D. La. Mar. 27, 2008) (citations omitted).

Regarding medical expenses, Plaintiff indicated that her medical expenses are being paid through workers' compensation and that evidence of the same can be obtained through that office. *Id*. Plaintiff also indicated that she would sign any necessary waivers upon receipt. *Id*. This is not sufficient under Rule 26(a) which by its very terms, requires ... a 'computation,' supported by documents. *Charles v. Sanchez*, No. EP-13-CV-00193-DCG, 2015 WL 1345385, at *3 (W.D. Tex. Mar. 23, 2015) (Noting argument that equivalent information in other forms does not satisfy the requirements of Rule 26(a) initial disclosures).

The parties are reminded, however, that at this stage of the litigation, Rule 26 only requires the disclosing party to disclose that "information reasonably available to it." Fed. R. Civ. P. 26(a)(1)(E). "The rule does not require a full exposition of the type required at trial or in an expert report but it does expressly require an initial computation and disclosure of the evidence that will be relied on to the full extent the plaintiff could or should know of it in the exercise of the type of pre-suit diligence required by Rule 11." *Brandywine Commc'ns Techs., LLC v. Cisco Sys., Inc.*, No. C 12-01669 WHA, 2012 WL 5504036, at *2 (N.D. Cal. Nov. 13, 2012).  The rules require

that disclosures be supplemented later in the proceedings if the party learns that the disclosure made "is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A); *see also Moore v. BASF Corp.*, Civ. A. No. 11-1001, 2012 WL 4344583, at *1 (E.D. La. Sept. 21, 2012) (same).

                                                                               **DANA M. DOUGLAS**
                                                                               **UNITED STATES MAGISTRATE JUDGE**