**MINUTE ENTRY**
**DOUGLAS, M.J.**
**JUNE 1, 2022**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIRA GODCHAUX-BOUDREAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1525** |
| **NEW ORLEANS CITY** | **MAG. SECTION  3** |

On May 25, 2022, a Motion to Compel (Rec. Doc. No. 21) filed by plaintiff, Kira Godchaux-Boudreaux, came on for oral hearing before the undersigned. Present were:

Amanda Joy Olmsted on behalf of Plaintiff;

Elizabeth S. Robins and Eraka W. DeLarge on behalf of Defendant.

For the reasons stated on the record,

**IT IS ORDERED** that the Motion to Compel (Rec. Doc. No. 21) is **GRANTED IN PART AND DENIED IN PART** as outlined below.

**IT IS FURTHER ORDERED** that Defendant supplement its production to include the evaluations contained in the personnel file of Sgt. Taillon to Plaintiff by **June 10, 2022**. The motion to compel the remainder of the personnel file is **DENIED** as outside the proper scope of discovery allowed under Federal Rule of Civil Procedure 26(b)(1).

**IT IS FURTHER ORDERED** that the objections to the 30(b)(6) deposition notice are overruled with the following exceptions: Topic No. 3 shall be limited to the portions of the personnel file that includes commendations, letters of discipline, and evaluations of Sgt. Tailon;

**MJSTAR: 00:41**
**COURT REPORTER: Cathy Pepper**

Topic No. 7 shall be narrowed to the policies pertaining to sexual harassment and retaliation; Topic No. 8 shall be narrowed to disciplinary communications or actions taken with regard to Plaintiff after the alleged incident at issue; Topic No. 13 shall be temporally limited to January 1, 2019 to date; and Topic No. 14 shall be narrowed to transfers after the alleged incident at issue. The remaining topics are deemed to be relevant and appropriate for a Rule 30(b)(6) deposition.

**IT IS FURTHER ORDERED** that Defendant identify a Rule 30(b)(6) deponent or deponents within fifteen (15) days of this order or by **June 16, 2022** if not previously provided. The defendant "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [Plaintiff] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed … as to the relevant subject matters." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (internal quotation omitted).

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**