## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIRA GODCHAUX-BOUDREAUX,**<br><br>        **Plaintiff**<br><br><br>**Versus**<br><br><br><br>**CITY OF NEW ORLEANS,**<br><br>        **Defendant** | **Case No.:  21-1525**<br><br><br><br>**SECTION:**<br>**—--**<br><br><br><br>**MAGISTRATE: 3**<br><br>**JUDGE DANA M. DOUGLAS** |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS/CONTEMPT

**NOW   HERE   COMES**, through   undersigned   counsel, Plaintiff, Kira Godchaux-Boudreaux (herein "Ms. Godchaux-Boudreaux" or "Plaintiff") who respectfully submits this Memorandum in Support of her Motion for Sanctions concerning the Court's previous Minute Order (Rec. Doc. No. 31)..

### I.    BACKGROUND

On June 1, 2022, the Court issued a Minute Order granting in part and denying in part, Plaintiff's Motion to Compel (Rec. Doc. No. 21).  The Court's Order concerned producing relevant portions of Sgt. Taillon's personnel file and producing witnesses to testify about certain topics identified in Plaintiff's Rule 30(b)(6) deposition notice.

### II.    ANALYSIS

This Court has articulated that a party seeking a contempt order must establish the following:

> [A] party seeking a civil contempt order must establish by clear and convincing evidence that: (1) a court order was in effect, (2) the order required certain conduct by the respondent, and (3) the respondent failed to comply with the court's order. *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992) (setting out three-part test); *Northside Realty Assocs., Inc. v. United States*, 605 F.2d 1348, 1352 & 1352 n.8 (5th Cir. 1979) (setting out clear and convincing standard). To hold a party in civil contempt, the court must find such a violation by clear and convincing evidence. *Id.* Evidence is clear and convincing if it "produces in the mind of the trier of fact a firm belief ... so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of precise facts of the case." *Id.* (quoting *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004)). "The contemptuous actions need not be willful so long as the contemnor actually failed to comply with the court's order." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000).

*Jones v. New Orleans Reg'l Physician Hosp. Org.*, No. CV 17-8817, 2019 WL 7558109, at *1 (E.D. La. Aug. 29, 2019).  Plaintiff can meet her burden here as Defendant has failed to produce personnel file materials of Sgt. Taillon after 2018 without any explanation, and the Rule 30(b)(6) deponents produced by the Defendant clearly did not properly respond to Plaintiff's Rule 30(b)(6) notice.

### A.    Sgt. Tallion's personnel file contains only records through 2018.

A contempt order is justified by this Court, as Defendant did not comply with the Minute Order compelling it to produce "evaluations contained in the personnel file of Sgt. Tallion." Rec. Doc. No. 31. Defendant produced CNO-ST-001-0129 which only contain evaluations and/or disciplinary records through 2018.  See Exhibit A.  Defendant has no justification for not producing the requested documents, which presumably would include the complaint identified in this lawsuit.

### B.    The Rule 30(b)(6) Deposition was not adequate.

Defendant identified individuals to respond to Plaintiff's corporate deposition notice, which took place over three days, i.e., June 24, 27, and July 7, 2022.  *See* Exhibit B, Corporate Deposition Notice of City of New Orleans.  Despite being subject to a compel order, the City's responses were inadequate in the following respects.

- TOPIC NO. 1 (Deponent: Helou): Deponent could only reference those individuals who were involved in the investigation of the sexual assault of Plaintiff by Sgt. Taillon and not the identity of anyone interviewed, communicated with, or otherwise had knowledge of Plaintiff's allegations of harassment and retaliation at NOPD.  See Exhibit C - Helou Dep. at p. 14, 16-18.

- TOPIC NO. 2 (Deponent: Helou):  With regard to the existence of documents, Sgt. Helou made no efforts to locate, disclose, or produce documents which were otherwise available to him.  *See id.* at p. 21.

- TOPIC NO. 3 (Deponent: Burkhalter):  The deponent acknowledges that she did not review the personnel file of Sgt. Taillon to determine if it was complete and had no explanation of why there were no documents after 2018.  *See* Exhibit D - Burkhalter Dep. at p. 12.  Moreover, there were no documents in the personnel file that would include complaints though the form identified in the deposition otherwise indicates complaints should be included.  *See id.* at p. 15-16.

- TOPIC NO. 10 (Deponent Helou): Sgt. Helou identifies a transcript of a statement by Sgt. Taillon but that has not been produced and no privilege log has been offered.  *See* Helou Dep. at p. 27.

- TOPIC NO. 11 (Deponent Banks):  Lieutenant Banks identifies that witness statements were transcribed and maintained but not produced.  *See* Exhibit E - Banks Dep. at p. 26-27.

## III.   CONCLUSION

As set forth above, Defendant has engaged clear examples of failing to comply with the Court's Minute Order deeming the deposition topics not otherwise limited as "relevant and appropriate for a Rule 30(b)(6) deposition."  Rec. Doc. No. 31.  The failure to produce and/or prepare the deponents to discuss documents which clearly exist causes obvious prejudice to Plaintiff and Defendant should be sanctioned accordingly.

Respectfully submitted,

SANGISETTY LAW FIRM

 /s/ *Ravi Sangisetty*
Ravi K. Sangisetty, Esq. (Bar No.: 30709)
Amanda J. Olmsted, Esq. (Bar No.: 40002)
3914 Canal Street
New Orleans, LA 70119
Telephone:     (504) 662-1016
Facsimile:     (504) 662-1318
***Counsel for Kira Godchaux-Boudreaux***