UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| KIRA GODCHAUX-BOUDREAUX,<br><br>Plaintiff<br><br>Versus<br><br><br>CITY OF NEW ORLEANS,<br><br>Defendant | Case No.: 21-1525<br><br>SECTION: "L"<br><br>JUDGE FALLON<br><br>MAGISTRATE: 3<br><br>JUDGE DANA M. DOUGLAS |
|---|---|

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO CITY'S MOTION FOR SUMMARY JUDGMENT

NOW COMES, through undersigned counsel, Plaintiff, Kira Godchaux-Boudreaux ("Ms. Boudreaux"), who respectfully submits this Memorandum in Opposition to Defendant's Motion for Summary Judgment. As discussed more fully below, Defendant, City of New Orleans ("the City"), has thwarted the discovery process, prejudicing Ms. Boudreaux; has untimely filed its Motion for Summary Judgment; and has left open numerous issues of material fact that indicate Ms. Boudreaux was the victim of sexual harassment and retaliation during her employment with the New Orleans Police Department. As such, Defendant's Motion for Summary Judgment should be denied.

**I.      BACKGROUND**

Plaintiff filed her complaint for this matter on August 12, 2021. In the complaint, Plaintiff alleges she was the victim of sexual harassment which was perpetrated by her direct supervisor, Sergeant Stephanie Taillon. Specifically, Ms. Boudreaux was the victim of a sexual assault that occurred while she working limited duty in the Administrative Duties Division (ADD) of the New

1

Orleans Police Department (NOPD).[1] After Ms. Boudreaux suffered the assault, two anonymous letters were submitted to the Public Integrity Bureau (PIB), a unit in the NOPD which investigates incidents and plausible suspicions of lawbreaking and professional misconduct committed by NOPD members.[2] The PIB and the Special Victims Section of the NOPD conducted a joint investigation into the incident. During the investigation, officers interviewed various employees, along with Ms. Boudreaux.[3] All of the interviewees had some knowledge relating to the event and were assigned the same work-time schedule as the victim and the accused.

After conducting the interviews and reviewing all of the documents, investigators concluded that Sergeant Taillon may have been in violation of the Rules regarding Professional Conduct and Performance of Duty.[4] The case was then forwarded to the Public Integrity Bureau Criminal Division and upon information and belief is still open.[5] After Ms. Boudreaux gave her statement, she began experiencing harassment presumably as a form of retaliation. Specifically, she was stripped of her overtime and detail work, which she used to supplement her income, in addition to other instances of retaliation.[6]

## II.  CITY'S MOTION FOR SUMMARY JUDGMENT IS UNTIMELY

As a preliminary matter, Defendant's Motion for Summary Judgment is untimely as the hearing date is past the deadline set out by this court. On June 3, 2022, this court issued a modified scheduling order in response to Plaintiff's Motion to Continue.[7] In the order, the court set a deadline for all dispositive motions to be filed and served in sufficient time to permit hearing

---

[1] Ex. A – Deposition of Captain Banks, p. 9 (Lines 9-21).
[2] *Id.* at pp. 9-11.
[3] *Id.* at pp. 26-27.
[4] Ex. B – Initiation of a Formal Disciplinary Investigation.
[5] Ex. C – Deposition of John Helou, p. 25 (Lines 15-21).
[6] Ex. D – Email from John Thomas to Kira Godchaux dated December 3, 2020; Ex. E – Email from Kira Godchaux to Avery Theard dated December 28, 2020.
[7] Rec. Doc. No. 34.

thereon no later than Friday, July 29, 2022.[8] Any motions filed in violation of these deadlines are deemed waived unless good cause is shown.[9]

Defendant filed its Motion for Summary Judgment on July 12, 2022.[10] The submission date for the motion is August 10, 2022.[11] Therefore, Defendant's Motion for Summary Judgment violates the court's scheduling order and is waived. Moreover, Defendant does not and cannot show good cause as to why they untimely filed their Motion. Defendant should not benefit from its own delay in failing to provide required and requested evidence and deponents, which will be discussed more fully below.

### III. SUMMARY JUDGMENT STANDARD

Summary Judgment is only appropriate when the movant can show there is no genuine dispute over any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(a). A "genuine issue" has been defined as an issue on which reasonable people could disagree. *Smith v. Our Lady of the Lake Hosp, Inc.*, 639 So. 2d 730, 751 (La. 1994). In determining whether there is a dispute as to material fact, the court will consider "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Hoffman v. Bailey*, 257 F. Supp. 3rd 801, 818 (E.D. La. 2017) (citing *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F. 3d 395, 398-99 (5th Cir. 2008).

The court considers the motion in light most favorable to the nonmoving party and the moving party bears the initial burden "of informing the Court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue

---

[8] *Id.*
[9] *Id.*
[10] Rec. Doc. No. 39.
[11] Rec. Doc. No. 40.

of material fact." *Id.* at 818-19. The burden then shifts to the non-moving party to show there is a genuine issue of fact that would permit a reasonable trier of fact to rule in its favor. *Id.* at 819.

### IV.   CITY HAS THWARTED DISCOVERY AND SHOULD NOT BE PERMITTED TO BENEFIT FROM THEIR SANCTIONABLE CONDUCT

Throughout this case, Defendant has continuously frustrated the discovery process and created unnecessary delays. These delays, which violate direct orders from this court, have prejudiced Plaintiff and have greatly affected her right to gather adequate evidence and documentation to build a case. These delays have, therefore, also created genuine issues of material fact as there has simply not been sufficient evidence produced into the record to entitle Defendant to judgment as a matter of law.

### A.  Inadequate Supplementation of Production as Ordered by This Court

On June 1, 2022, this court granted in part Plaintiff's Motion to Compel.[12] Specifically, the court ordered Defendant to "supplement its production to include the evaluations contained in the personnel file of Sgt. Taillon to Plaintiff by June 10, 2022."[13] Defendant has not produced evaluations and/or disciplinary records past 2018. Defendant has no justification for not producing the requested documents, which presumably would include the complaint identified in this lawsuit.[14] Without these evaluations, there is not enough evidence in the record for the court to consider whether Defendant is entitled to judgment as a matter of law in regards to the alleged sexual harassment.

### B.  Failure to Provide Adequate 30(b)(6) Deponents as Ordered by this Court

In the court's order regarding Plaintiff's Motion to Compel, Defendant was additionally instructed to "identify a Rule 30(b)(6) deponent." In doing so, Defendant was ordered to "make a

---

[12] Rec. Doc. No. 31.
[13] *Id.*
[14] Ex. F - Deposition of Burkhalter, pp. 11-12, 15-16.

4

conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [Plaintiff] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters."[15] On June 16, 2022, Defendant identified individuals to respond to Plaintiff's corporate deposition notice, which took place over three days, i.e., June 24, 27, and July 7, 2022.[16] Despite being subject to a compel order, the City failed to produce competent witnesses who could testify to the various subject areas requested by Plaintiff and by doing so, created various issues regarding material facts. The City's responses were inadequate in the following respects:

    *i.     Subject Area No. 1 – Deponent Helou*

Subject Area No. 1 regards: The identity of New Orleans Police Department (NOPD) employees who have knowledge about the Plaintiff's allegations including the investigation by NOPD into the allegations of Plaintiff that she was assaulted by Officer Stephanie Taillon.[17] This subject area was not modified or limited by the court.

In response, Defendant offered NOPD Lt. John Helou. Lt. Helou could only reference those individuals who were involved in the investigation of the sexual assault of Plaintiff by Sgt. Taillon and not the identity of anyone interviewed, communicated with, or otherwise had knowledge of Plaintiff's allegations of harassment and retaliation at NOPD.[18] To date, Defendant has not offered another deponent who can adequately respond to Subject Area No. 1.

---

[15] Rec. Doc. No. 31 (citing *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (internal quotation marks omitted)).
[16] *See* Ex. G - Corporate Deposition Notice of City of New Orleans.
[17] Ex. G - Corporate Deposition Notice of City of New Orleans.
[18] See Ex. C - at p. 14, 16-18.

*ii.     Subject Area No. 2 – Deponent Helou*

Subject Area No. 2 regards: The existence and location of all documents related to Plaintiff's allegation of sexual harassment by Officer Stephanie Taillon. This subject area was not modified or limited by the court.[19]

With regard to the existence of documents, Sgt. Helou made no efforts to locate, disclose, or produce documents which were otherwise available to him.[20] To date, Defendant has not offered another deponent who can adequately respond to Subject Area No. 2.

*iii.     Subject Area No. 3 – Deponent Burkhalter*

Subject Area No. 3 regards: The personnel file of Officer Stephanie Taillon, including any and all complaints made against her. The court limited this area to the portions of the personnel file that includes commendations, letters of discipline and evaluations of Sgt. Taillon.[21]

In her deposition, the Ms. Burkhalter acknowledged that she did not review the personnel file of Sgt. Taillon to determine if it was complete and had no explanation of why there were no documents after 2018.[22] Moreover, the City failed to prepare Ms. Burkhalter for the deposition as she was not aware that she needed to review Sgt. Taillon's file and she was not aware of the types of questions she would be asked.[23] To date, Defendant has not offered another deponent who can adequately respond to Subject Area No. 3.

*iv.     Subject Area No. 4 – Deponent Thomas*

Subject Area No. 4 regards: Defendant's document retention policies as it relates to its harassment policy. This subject area was not modified or limited by the court.[24]

---

[19] Ex. G - Corporate Deposition Notice of City of New Orleans.
[20] *See* Ex. C - at p. 21.
[21] Ex. G - Corporate Deposition Notice of City of New Orleans.
[22] *See* Ex. F - Burkhalter Deposition at pp. 7, 12.
[23] *See* Ex. F - Burkhalter Deposition at pp. 10-15.
[24] Ex. G - Corporate Deposition Notice of City of New Orleans.

Mr. Thomas could not adequately answer questions about the City's document retention policy and the Defendant, despite suggesting they would provide an additional deponent, failed to do so.[25]

### v. Subject Area No. 9 – Deponent Banks

Subject Area No. 9 regards: Communications of any type between the Plaintiff, or anyone on behalf of Plaintiff, and Defendant or anyone on behalf of Defendant, from 2021 to present. This subject area was not modified by the court.[26] In fact, the court specifically instructed Defendant to first attempt to find emails that would be relevant under this subject area, searching the Plaintiff's name to see how many results would be generated.

In Captain Banks' deposition, the City attempted to limit this subject area on its own. Captain Banks was only able to testify as to any emails NOPD's PIB unit received regarding the anonymous complaint involved in this matter.[27] This directly violates the court's order and serves to hinder the discovery process for Plaintiff as she was not provided relevant documentation which she requested that would allow her to build an adequate case. The City offered to provide an additional deponent for this subject area, but has failed to do so.[28]

### vi. Subject Area No. 10 – Deponent Helou

Subject Area No. 10 regards: Defendant's investigation related to the anonymous complaint filed with the NOPD Public Integrity Bureau. This subject area was not modified or limited by the court.[29]

---

[25] Ex. H – Deposition of Thomas, at pp. 21-24.
[26] Ex. G - Corporate Deposition Notice of City of New Orleans.
[27] Ex. A – Banks deposition at pp. 18-19.
[28] Ex. A - Banks deposition at pp. 15-21.
[29] Ex. G - Corporate Deposition Notice of City of New Orleans.

In his deposition, Sgt. Helou identified a transcript of a statement by Sgt. Taillon but that has not been produced and no privilege log has been offered to Plaintiff despite two Requests for Production requesting documentation relating to the PIB investigation.[30]

    vii.    *Subject Area No. 11 – Deponent Banks*

Subject Area 11 regards: The identity of any and all NOPD employee [sic] with knowledge regarding the anonymous complaint filed with the NOPD Public Integrity Bureau. This subject area was not modified or limited by the court.[31]

Lieutenant Banks identified in her deposition that witness statements were transcribed and maintained.[32] Defendant has not produced any witness statements or recordings of such, with the exception of Ms. Boudreaux's recorded statement, despite two Requests for Production requesting documentation relating to the PIB investigation.[33]

Throughout the 30(b)(6) depositions, it was made apparent that Defendant not only failed to comply with this Court's direct order, they also failed to allow Plaintiff to discover relevant evidence to build a sufficient case. Plaintiff still does not have Sgt. Taillon's evaluations from the time period at issue and the City has not provided a reason as to why they have failed to include them in their production. Moreover, Plaintiff has not received adequate documentation regarding the PIB's investigation of the sexual harassment she suffered despite numerous requests. This complete failure to comply with the discovery process has left open numerous questions of material facts and major deficits in the record. Therefore, summary judgment cannot be awarded.

---

[30] *See* Ex. C - Helou deposition at p. 27; *see also* Ex. I - Plaintiff's First Set of Interrogatories and Requests for Production; *see also* Ex. J- Plaintiff's Second Set of Interrogatories and requests for Production.
[31] Ex. G - Corporate Deposition Notice of City of New Orleans.
[32] *See* Ex. A - Banks deposition at p. 26-27.
[33] *See* Ex. I - Plaintiff's First Set of Interrogatories and Requests for Production; *see also* Ex. J - Plaintiff's Second Set of Interrogatories and requests for Production.

## V.  PLAINTIFF WAS THE VICTIM OF SEXUAL HARASSMENT AND RETALIATION

### A. As a Preliminary Matter, Plaintiff Exhausted her Administrative Remedies

Defendant alleges in its Motion for Summary Judgment Plaintiff's claims must be presented in the same fashion as provided in the Charge of Discrimination. This is not an accurate interpretation of the law. Generally, courts do not have jurisdiction to consider Title VII claims over which the aggrieved party has not exhausted the available administrative remedies. *Bowie v. Hodge*, 2022 WL 102620, at *5 (E.D. La. Jan. 11, 2022). Therefore, the scope of a Title VII complaint tends to be limited to the scope of the investigation conducted by the EEOC "which can reasonably be expected to grow out of the charge of discrimination." *Id.* (citing *Carey v. State of Louisiana*, No. CIV.A. 00-2657, 2001 WL 1548962, at *5 (E.D. La. Dec. 5, 2001) ((quoting Thomas v. Texas Dep't of Criminal Justice, 220 F.3d 389, 395 (5th Cir. 2000))).

However, courts will consider employment discrimination charges with the "utmost liberality," keeping in mind that the charges are typically written by laymen who do not have knowledge of the rules of pleadings. *Id.* Moreover, even if events are not alleged in the particulars on the charge of discrimination, courts will deem the claims exhausted if they can be expected to grow out of the charge of discrimination. Therefore, plaintiffs are permitted to allege additional incidents of harassment that arise from the same circumstances as alluded to in the charge. *See Id.* at 7.

Here, in her charge Plaintiff stated Sgt. Taillon, while in a sexual motion, humped Ms. Boudreaux's buttocks, buckling her knees, while Plaintiff was bent over a desk assisting another employee.[34] Plaintiff is permitted to allege additional incidents and retaliation that naturally grew from the circumnutates surrounding this sexual assault. Moreover, the court should consider the

---

[34] Attached to Defendant's MSJ as KGB Depo Ex. 7.

charge filed by Plaintiff while keeping in mind it was prepared by Ms. Boudreaux, who is unfamiliar with the particular requirements of pleadings.

### B. Plaintiff was the Victim of Severe Sexual Harassment

A Plaintiff bringing a sexual harassment claim under Title VII needs to show:

> (1) The she belongs to a protected group; (2) that she was subject to unwelcome harassment; (3) that the harassment complained of was based upon sex; (4) that the harassment complained of affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt, remedial action. *Currier v. Entergy Services, Inc.*, 73 F. Supp. 3d 673, 675 (E.D. La. 2014).

An employer can be held vicariously liable for the actions of an employee's supervisors when, relevant here, the harassment creates a hostile work environment. *Id.* The incident at issue here, as stated, occurred when Sgt. Taillon humped Ms. Boudreaux's buttocks, buckling her knees, while she was bent over a desk. The incident occurred in the presence of other employees.[35] This unwelcome conduct raises to the level of sexual harassment under Title VII because Ms. Boudreaux began experiencing severe emotional anguish, so much so that she was forced to make a claim for worker's compensation, which she was awarded.[36]

In regards to Defendant's remedial actions allegedly taken after the incident, Defendant, as detailed above, has not produced enough evidence into the record to allow the court to properly consider the facts related to this element. Additionally, any defenses Defendant might have with regards to sexual harassment should be barred as a result of their failure.

Specifically, according to the City's policy,

> The public integrity bureau shall separately track all complaints of harassment, discrimination, or retaliation and maintain all files of such complaints. All files concerning complaints of inappropriate behavior shall be kept in such a manner as to allow the files to be

---

[35] *Id.*
[36] Ex. K - Plaintiff's Responses to Interrogatories and Requests for Production.

>accessed by the name of the accused and the name of the complaining employee. Access to the file shall be restricted to supervisory individuals conducting pertinent police business.[37]

Despite the policy requirement that "all files concerning complaints of inappropriate behavior shall be kept in such a manner as to allow the files to be accessed by the name of the accused and the name of the complaining employee," Defendant has failed to produce the file in relation to the complaint made against Sergeant Taillon and has not produce a deponent who can adequately speak about the file.[38] Therefore, Plaintiff and the Court cannot properly assess the remedial measures taken by the Defendant after the accusation of sexual harassment was made. Therefore, as a result of Defendant's failure to provide this information, there exists a genuine issue of material fact with regards to this element of Plaintiff's claim.

### C. Plaintiff Suffered Retaliation and Continued Harassment as a Result of Making a Statement Regarding the Sexual Assault

Ms. Godchaux-Boudreaux experienced harassment and retaliation after she gave a statement to Sergeant Banks about the sexual assault and there are genuine issues of material fact related to this claim. To establish a prima facie case of retaliation, the Plaintiff must establish that: (1) Plaintiff participated in an activity protected by Title VII, (2) Plaintiff's employer took an adverse employment action against him, (3) a causal connection exists between the protected activity and the adverse employment action.

After the PIB investigation was opened, Ms. Boudreaux was transferred to the Hit and Run Unit and was on limited duty.[39] Eventually Ms. Boudreaux was transferred to the Fourth District. Plaintiff alleges this transfer was a retaliatory act in relation to the statement she gave regarding the sexual assault she experienced. Specifically, this transfer violated the orders set by her

---

[37] Ex. H – Thomas Deposition p. 19.
[38] Ex. H - Thomas Deposition, pp. 19-21.
[39] Ex. H - Thomas Deposition, p. 52 (lines 14-20).

physician and, during the transfer, she was stripped of her ability to work overtime and detail which she used to supplement her income.[40] There are numerous issues of material fact related to this transfer.

First, there is conflicting testimony as to when this transfer occurred. John Thomas states he transferred Ms. Boudreaux on or around December of 2020.[41] However, in their Statement of Uncontested Facts, Defendant indicates Ms. Boudreaux was transferred to the Fourth District under the Field Operations Bureau effective October 11, 2020. The date of Ms. Boudreaux's transfer to the Fourth District is material as the timing of the transfer can imply retaliatory action for the statement she gave in August of 2020.

Second, it is unclear why Ms. Boudreaux was transferred to the Fourth District. In his deposition, John Thomas said he became aware Ms. Boudreaux could be released to full duty in December of 2020.[42] However, in his affidavit, Mr. Thomas alludes to some vague "situation" involving the Plaintiff in November of 2020.[43] John Thomas does not clarify what this situation he learned of was and did not mention it in his deposition. This creates a genuine issue as to the purpose of Ms. Boudreaux's transfer to the Fourth District and serves as further evidence that Defendant has intentionally thwarted the discovery process to undermine Plaintiff's ability to build a case and oppose summary judgment.

Third, it is unclear as to whether Ms. Boudreaux was permitted to work overtime and detail when she was transferred to the Fourth District. This is a material issue of fact because if Ms. Boudreaux was not permitted to work overtime and detail, as she had been able to prior to

---

[40] Ex. L – NOPD Form 50 dated September 20, 2020; October 6, 2020; December 4, 2020; *see also* Ex. D; *see also* Ex. E.
[41] Affidavit of John Thomas, attached to Defendant's MSJ as MSJ Ex. 1, p. 3 paragraph 10; *see also* Ex. D.
[42] Ex. H- Thomas Deposition P. 46 (lines 1-11).
[43] Affidavit of John Thomas, attached to Defendant's MSJ as MSJ Ex. 1.

providing a statement regarding the sexual assault, this suggests she was retaliated against for her statement. Defendant indicates in their Motion that Plaintiff was not permitted to work overtime or paid detail while she was on limited duty in the ADD unit, however, this was not the case.

The NOPD Operations Manual, Chapter 22.2, titled Limited-Duty Assignments, paragraph 19 states,

> Officers on temporary limited duty are prohibited in engaging in outside employment and police secondary employment in which they may reasonably be expected to perform law enforcement functions for which they have been determined physically or mentally unable to perform on behalf of this Department and which from the basis for their temporary limited-duty assignment.[44]

However, this is not a complete bar as the Defendant seems to indicate. It appears from the manual that limited duty employees can engage in outside employment and police secondary employment unless *they have been determined physically or mentally unable to perform* such activities. While Ms. Boudreaux was in the ADD Unit and before she made her statement to the PIB officer, she was permitted to work limited duty and was not subject to any restrictions.[45] Therefore, she was able to, and did, work overtime and paid detail prior to the PIB investigation. In fact, while she was in the Hit and Run Unit and before she was transferred to the Fourth District, Plaintiff worked overtime for the Red-Light camera unit.[46] When she was transferred to the Fourth District, however, Plaintiff was stripped of these benefits and was not able to operate a police vehicle despite being cleared to do so by her physician.[47] Plaintiff then went out on worker's compensation once again as a result of the retaliation she suffered.[48]

---

[44] Affidavit of John Thomas, attached to Defendant's MSJ as MSJ Ex. 1.
[45] NOPD Form 50 dated September 9, 2020, attached to Defendant's MSJ as KGB Depo Ex. 2.
[46] Affidavit of John Thomas, attached to Defendant's MSJ as MSJ Ex. 1.
[47] Ex. D; Ex. E.
[48] Ex. H, Thomas Deposition, p. 51.

## VI. CONCLUSION

Defendant's Motion for Summary Judgment should be denied on its face as it violates the deadlines set out in the court's modified scheduling order. Moreover, Defendant should not be able to benefit from its continued efforts to thwart the discovery process. Further, as a result of Defendant's violations of direct court orders, there exists too many issues of material fact to warrant a judgment as a matter of law in favor of Defendant.

Respectfully submitted,

BY: SANGISETTY LAW FIRM, LLC

*/s/ Amanda J. Olmsted*
Ravi K. Sangisetty, BAR NO. 30709
Amanda J. Olmsted, BAR NO. 40002
Kimberly Fanshier, BAR NO. 39878
3914 Canal Street
New Orleans, Louisiana 70119
Telephone:   504-662-1016
Facsimile:   504-662-1318
Email:       rks@sangisettylaw.com
             amanda@sangisettylaw.com
             kimberly@sangisettylaw.com
*Counsel for Kira Godchaux-Boudreaux*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that all counsel of record have been served with a copy of the above and foregoing via United States Mail and/or via CM/ECF Upload, and/or facsimile and/or electronic mail this 2nd day of August 2022.

                                                    /s/ *Amanda J. Olmsted*
                                                        Amanda J. Olmsted