UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIRA GODCHAUX-BOUDREAUX,<br><br>Plaintiff<br><br>Versus<br><br>CITY OF NEW ORLEANS,<br><br>Defendant | Case No.: 21-1525<br><br>SECTION: "L"<br><br>JUDGE FALLON<br><br>MAGISTRATE: 3<br>JUDGE DANA M. DOUGLAS |

**PLAINTIFF'S STATEMENT OF CONTESTED MATERIAL FACTS**

In response to City of New Orleans' statements of undisputed material facts, Plaintiff claims the following facts are contested:

1. Uncontested.

2. Uncontested.

3. Uncontested.

4. Uncontested.

5. Uncontested.

6. Uncontested.

7. Contested. Plaintiff listed June 20, 2020 as the earliest and the latest date the discrimination took place on the Charge of Discrimination. However, Plaintiff also checked the box indicating the discrimination was a "continuing action."[1]

8. Uncontested.

---
[1] EEOC charge of discrimination signed by KGB on 3.30.2021, attached to Defendant's MSJ as KGB Depo Ex. 7.

1

9. Contested. While Plaintiff was assigned to the Administrative Duties Division (ADD) due to a work-related injury, she was out on worker's compensation and did not report to the Unit until June of 2019.[2]

10. Uncontested.

11. Uncontested.

12. Contested. There is conflicting testimony as to whether Plaintiff was cleared to work full duty in September of 2020. On September 9, 2020 a physician released Ms. Boudreaux to full duty with the following restrictions: "reasonably accommodate pt in desk detective position i.e., Hit and Run."[3] However, on September 24, 2020, Plaintiff's physician Dr. W.V. McDermott, completed an NOPD Form 50 advising that she was able to return to limited duty on October 7, 2020 due to a diagnosis of acute anxiety.[4]

13. Contested. The entirety of the NOPD Operations Manual, Chapter 22.2, titled Limited-Duty Assignments, paragraph 19 states, "officers on temporary limited duty are prohibited in engaging in outside employment and police secondary employment in which they may reasonably be expected to perform law enforcement functions for which they have been determined physically or mentally unable to perform on behalf of this Department and which from the basis for their temporary limited-duty assignment."[5]

14. Contested. Plaintiff was permitted to work paid detail as secondary employment and work overtime.[6]

15. Uncontested.

---

[2] Ex. K - Plaintiff's Responses to Interrogatories and Requests for Production.
[3] EEOC Form 50, attached to Defendant's MSJ as KGB Deposition Ex.#2, pg 6 of 6.
[4] Ex. L – NOPD Form 50 dated September 20, 2020.
[5] Affidavit of John Thomas attached to Defendant's MSJ as MSJ Ex. 1.
[6] Affidavit of John Thomas attached to Defendant's MSJ as MSJ Ex. 1, paragraph 10.

16. Uncontested.

17. Uncontested.

18. Uncontested.

19. Uncontested.

20. Contested. There is uncertainty as to the timing and purpose of Plaintiff's transfer to the 4th District. Plaintiff alleges this transfer was retaliatory. According to John Thomas's Affidavit and an email sent to Plaintiff, Ms. Boudreaux was working full time in the Hit and Run Unit of the Traffic Division until December 2020.[7]

21. Contested. Defendant cites the Affidavit of John D. Thomas statements #6 and #7 to support their claim that Plaintiff "was eligible to work paid details and overtime." These statements in Mr. Thomas's Affidavit do not reference Plaintiff's specific eligibility. Rather, Mr. Thomas speaks in general terms that the officer can work paid detail and overtime when returning to full duty. Defendant does not cite or reference any documentation that indicates Plaintiff was able to do so.

Respectfully submitted,

BY: SANGISETTY LAW FIRM, LLC

*/s/ Amanda J. Olmsted*
Ravi K. Sangisetty, BAR NO. 30709
Amanda J. Olmsted, BAR NO. 40002
Kimberly Fanshier, BAR NO. 39878
3914 Canal Street
New Orleans, Louisiana 70119
Telephone:   504-662-1016
Facsimile:   504-662-1318
Email:       rks@sangisettylaw.com
             amanda@sangisettylaw.com
             kimberly@sangisettylaw.com
*Counsel for Kira Godchaux-Boudreaux*

---

[7] Affidavit of John Thomas attached to Defendant's MSJ as MSJ Ex. 1, paragraph 11; Email from John Thomas to Kira Godchaux dated December 3, 2020.

3

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that all counsel of record have been served with a copy of the above and foregoing via United States Mail and/or via CM/ECF Upload, and/or facsimile and/or electronic mail this 2nd day of August 2022.

                                                                       /s/ *Amanda J. Olmsted*
                                                                      Amanda J. Olmsted