UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KIRA GODCHAUX-BOUDREAUX | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NUMBER: 21-1525 |
| | * | |
| THE CITY OF NEW ORLEANS | * | SECTION "L" |
| | * | JUDGE ELDEN E. FALLON |
| | * | |
| | * | MAGISTRATE "3" |
| | * | JUDGE DANA M. DOUGLAS |
| | * | |

**************************************

# CITY'S RESPONSE TO PLAINTIFF'S 30(B)(6) DEPOSITION NOTICE

NOW COMES, the City of New Orleans ("City"), through undersigned counsel, who provides this response to Plaintiff's 30(B)(6) Deposition Notice issued on February 1, 2022, with seventeen (17) subject matter areas, as modified by the Court's June 1, 2022 Order (Rec. 31), identifying NOPD deponents for each subject area as follows:

**SUBJECT AREA NO. 1:**

The identify of New Orleans Police Department (NOPD) employees who have knowledge about the Plaintiff's allegations including the investigation by NOPD into the allegations of Plaintiff that she was assaulted by Officer Stephanie Taillon.

**RESPONSE TO SUBJECT AREA NO. 1:**

Defendant offers NOPD Lt. John Helou as their 30(b)(6) deponent for subject area no. 1 regarding NOPD Public Integrity Bureau (PIB) personnel who have knowledge of the

Page 1 of 9


EXHIBIT G

anonymous misconduct complaint received on or about August 20, 2020, against Sgt. Stephanie Taillon regarding an alleged incident between Sgt Taillon and Plaintiff, Kira Godchaux-Boudreaux.

**SUBJECT AREA NO. 2:**

The existence and location of all documents related to Plaintiff's allegation of sexual harassment by Officer Stephanie Taillon.

**RESPONSE TO SUBJECT AREA NO. 2:**

Defendant offers NOPD Lt. John Helou as their 30(b)(6) deponent for subject area no. 2 regarding documents created or collected by NOPD PIB personnel during the investigation of the anonymous misconduct complaint received on or about August 20, 2020, against Sgt Taillon regarding an alleged incident between Sgt Taillon and Plaintiff, Kira Godchaux-Boudreaux.

**SUBJECT AREA NO. 3:**

The personnel file of Officer Stephanie Taillon, including any and all complaints made against her.

**COURT MODIFICATION OF SUBJECT AREA NO. 3:**

Topic No. 3 shall be limited to the portions of the personnel file that includes commendations, letters of discipline and evaluations of Sgt. Taillon. (*See* Rec. Doc. 31).

**RESPONSE TO SUBJECT AREA NO. 3:**

Defendant offers NOPD civilian employee Erica Burkhalter as their 30(b)(6) deponent for subject area no. 3 as modified by the Court's June 1, 2022 Order, to testify regarding

the production of the section of Sgt Taillon's personnel file with letters of commendation and disciplinary letters, and evaluations, as produced by the Defendant in compliance with the Court's Order. (*See* Rec. Doc 31).

**SUBJECT AREA NO. 4:**

Defendant's document retention policies as it relates to its harassment policy.

**RESPONSE TO SUBJECT AREA NO. 4:**

Defendant offers former NOPD Deputy Superintendent John Thomas as the deponent for subject area number 4, to testify regarding NOPD's retention polices relative to NOPD's harassment policy.

**SUBJECT AREA NO. 5:**

The Defendant's efforts to obtain factual information to support answers to the Plaintiff's Complaint.

**RESPONSE TO SUBJECT AREA NO. 5:**

Defendant offers former NOPD Deputy Superintendent John Thomas as their 30(b)(6) deponent for subject area no. 5. If any factual inquires cannot be answered by John Thomas, NOPD Deputy Superintendent Arlinda Westbrook will respond to those factual questions.

**SUBJECT AREA NO. 6:**

The factual basis for Defendant's Affirmative defenses.

**RESPONSE TO SUBJECT AREA NO. 6:**

Defendant offers former NOPD Deputy Superintendent John Thomas as their 30(b)(6) deponent for subject area no. 6. If any factual inquires cannot be answered by John Thomas, NOPD Deputy Superintendent Arlinda Westbrook will respond to those factual questions.

**SUBJECT AREA NO. 7:**

Defendant's personnel policies, whether written or otherwise, which to pertain in any fashion to the Plaintiff's claims asserted in the Plaintiff's complaint, Defendant's answer, and or Defendant's affirmative defenses.

**COURT MODIFICATION OF SUBJECT AREA NO. 7**

Topic Number 7 shall be narrowed to the policies pertaining to sexual harassment and retaliation. (*See* Rec. Doc. 31).

**RESPONSE TO SUBJECT AREA NO. 7:**

Defendant offers former NOPD Deputy Superintendent John Thomas as the deponent for subject area number 7.

**SUBJECT AREA NO. 8**

Any disciplinary communications or actions taken in regards to the Plaintiff during employment with Defendant.

**COURT MODIFICATION OF SUBJECT AREA NO. 8**

Topic Number 8 shall be narrowed to disciplinary communications or actions taken with regard to Plaintiff after the alleged incident at issue.

**RESPONSE TO SUBJECT AREA NO. 8:**

Defendant offers former NOPD Deputy Superintendent John Thomas as the deponent for subject area number 8.

**SUBJECT AREA NO. 9:**

Communications of any type between the Plaintiff, or anyone on behalf of Plaintiff, and Defendant or anyone on behalf of Defendant, from 2021 to present.

**RESPONSE TO SUBJECT AREA NO. 9:**

Defendant offers Captain Precious Banks to testify as to any emails NOPD's Public Integrity Bureau received regarding the anonymous complaint of an alleged incident between Sgt. Taillon and Plaintiff, Kira Godchaux-Boudreaux.

**SUBJECT AREA NO. 10:**

Defendant's investigation related to the anonymous complaint filed with the NOPD Public Integrity Bureau.

**RESPONSE TO SUBJECT AREA NO. 10:**

Defendant offers NOPD Lt. John Helou as their 30(b)(6) deponent for subject area no. 10.

**SUBJECT AREA NO. 11:**

The identity of any and all NOPD employee [sic] with knowledge regarding the anonymous complaint filed with the NOPD Public Integrity Bureau.

**RESPONSE TO SUBJECT AREA NO. 11:**

Defendants offer NOPD Captain Precious Banks as their 30(b)(6) deponent for subject area no. 11, regarding the anonymous misconduct complaint filed with PIB on or about August 20, 2020, regarding an alleged incident between Sgt Taillon and Plaintiff, Kira Godchaux-Boudreaux that allegedly occurred in late July 2020.

**SUBJECT AREA NO. 12:**

Plaintiff's job duties and responsibilities in the Alternative Police Response Unit.

**RESPONSE TO SUBJECT AREA NO. 12:**

Defendant offers NOPD Captain Ernest Dema as their 30(b)(6) deponent for subject area no. 12, regarding the job duties Plaintiff Kira Godchaux-Boudreaux would have while working in the Alternative Police Response Unit.

**SUBJECT AREA NO. 13:**

Plaintiff's job duties and responsibilities and eligibility for detail work, overtime, and or other benefits prior to her taking leave on Worker's Compensation.

**COURT MODIFICATION OF SUBJECT AREA NO. 13**

Topic Number 13 shall be temporally limited to January 1, 2019 to date. (*See* Rec. Doc. 31).

**RESPONSE TO SUBJECT AREA NO. 13:**

Defendant offers former NOPD Deputy Superintendent John Thomas as the deponent for subject area number 13, relative to Plaintiff's eligibility for detail work and overtime while not out on worker's compensation.

**SUBJECT AREA NO. 14:**

Any evidence of Defendant's legitimate, non-retaliatory reasons for Plaintiff's transfers within the NOPD.

**COURT MODIFICATION OF SUBJECT AREA NO. 14**

Topic Number 14 shall be narrowed to transfers after the alleged incident at issue. (*See* Rec. Doc. 31).

**RESPONSE TO SUBJECT AREA NO. 14:**

Defendants produce former NOPD Deputy Superintendent John Thomas as the deponent for subject area number 14.

**SUBJECT AREA NO. 15:**

Any and all documents received by Defendant pursuant to a subpoena, public records request or other means that relate to Plaintiff's claims and or Defendant's defenses.

**RESPONSE TO SUBJECT AREA NO. 15:**

As asserted in open court to Magistrate Douglas, at the May 25, 2022 hearing on Plaintiff's Motion to Compel, the City confirmed it had received no documents subject to a subpoena or public records request, as referenced in subject matter area number 15.

**SUBJECT AREA NO. 16:**

The identity of any witness Defendant will call at the trial of this matter.

**RESPONSE TO SUBJECT AREA NO. 16:**

Pursuant to the Court's June 3, 2022 Amended Scheduling Order, counsel for both parties will file into the record and serve upon their opponents a list of all witnesses who may or who will be called to testify at trial, no later than Thursday, June 30, 2022.

**SUBJECT AREA NO. 17:**

Identification of any documents to be used in the trial of this matter.

**RESPONSE TO SUBJECT AREA NO. 17:**

Pursuant to the Court's June 3, 2022 Amended Scheduling Order, counsel for both parties will file into the record and serve upon their opponents a list of all exhibits which may or will be used at trial no later than Thursday, June 30, 2022.

Respectfully Submitted

/s/ Elizabeth S. Robins
**ERAKA W. DELARGE, LSB# 29702**
ASSISTANT CITY ATTORNEY
**ELIZABETH S. ROBINS, LSB# 25224**
DEPUTY CITY ATTORNEY
esrobins@nola.gov
**CHURITA H. HANSELL, LSB# 25694**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB # 23338**
CITY ATTORNEY
1300 PERDIDO STREET
CITY HALL - ROOM 5E03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 658-9800
FACSIMILE: (504) 658-9868
*Counsel for the City of New Orleans*

## Certificate of Service

I certify that I have served the above discovery responses on counsel of record for Plaintiff via email, this 16th day of June, 2022.

                                            */s/ Elizabeth S. Robins*
                                            Elizabeth S. Robins