UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KIRA GODCHAUX-BOUDREAUX | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 21-1525 |
| THE CITY OF NEW ORLEANS | * | SECTION "L" |
| | * | JUDGE ELDEN E. FALLON |
| | * | MAGISTRATE "3" |
| | * | JUDGE DANA M. DOUGLAS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CITY'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

NOW COMES, the City of New Orleans ("City"), through undersigned counsel, who responds as follows to Plaintiff's First Set of Interrogatories and Requests for Production which Plaintiff propounded on the New Orleans Police Department ("NOPD") on February 1, 2022.

### INTERRORGATORIES

**INTERROGATORY NO. 1**

Please identify by name, address and phone number, any and all New Orleans Police Department ("NOPD") employee who have knowledge about the Plaintiff's allegations including the investigation by NOPD into the allegations of Plaintiff that she was assaulted by Officer Stephanie Tallion.



**RESPONSE TO INTERROGATORY NO. 1**

NOPD objects to Plaintiff's Interrogatory No. 1 as unduly vague and lacking any time parameter, accordingly the request is not susceptible of a meaningful response. Only Officer Kira Godchaux-Boudreaux would have knowledge of the NOPD personnel with whom she has shared her allegations regarding Sgt Taillon. Subject to these objections and without waiving same, NOPD further responds that Officer Kira Godchaux-Boudreau did not file a complaint with NOPD's Public Integrity Bureau (PIB) against Sgt Taillon regarding the incident that is the subject of this complaint. PIB received an anonymous letter on August 19, 2020, reporting an alleged incident that occurred between Officer Godchaux-Boudreaux and Sgt Taillon about three weeks earlier, sometime in July of 2020. When Officer Kira Godchaux-Boudreau gave a statement to the investigating officer, she said that she had not filed the complaint with PIB. Accordingly, the PIB investigation of the incident was based on an anonymous complaint, and not any allegations asserted by Officer Godchaux-Boudreaux.

**INTERROGATORY NO. 2**

Please identify the existence and location of any and all documents related to Plaintiff's allegation of sexual harassment by Officer Stephanie Tallion.

**RESPONSE TO INTERROGATORY NO. 2**

NOPD objects to Plaintiff's Interrogatory No. 2, which, like Interrogatory No. 1, assumes that Officer Godchaux-Boudreaux reported allegations of sexual harassment by Officer Taillon to NOPD for the alleged incident that is the subject of this complaint.

As indicated in NOPD's response to Interrogatory No. 1, the complaint letter submitted to the Public Integrity Bureau (PIB) on August 19, 2020, alleging sexual misconduct by Sgt Taillon toward Officer Godchaux-Boudreaux was anonymous, and Officer Godchaux-Boudreaux told the intake investigator during her interview that she had not made the complaint.

Subject to these objections and without waiving same, and in the spirit of cooperation, in response to Plaintiff's Interrogatory No. 2 requesting identification of "documents" related to Plaintiff's allegation of sexual harassment by Sgt Taillon, NOPD will provide a copy of the audio recording of Officer Godchaux-Boudreau's statement to the Intake Investigator on August 20, 2020. A copy of the audio recording will be attached to the email sending these discovery responses. If the email transmission fails for any reason, a CD with the audio recording will be provided to Plaintiff's counsel.

### INTERROGATORY NO. 3

Please identify any information, documentation, records, etc. which support Defendant's Sixth Affirmative Defense that the City of New Orleans cannot be held liable for any discretionary acts and is otherwise immune from suit pursuant to LAS-R.S. 9:2798.1.

### RESPONSE TO INTERROGATORY NO. 3

NOPD objects to Plaintiff's Interrogatory No. 3, which does not present a factual inquiry, but rather demands a purely legal conclusion regarding the City's immunity from liability for discretionary acts. Plaintiff's Interrogatory No. 3 violates Federal

Rules of Civil Procedure No. 33(a)(2) and 26(b)(1) regarding the permissible scope of interrogatories, which are limited to non-privileged information. Plaintiff improperly attempts to demand the City explain the basis of its legal defenses as asserted by its counsel of record.

**INTERROGATORY NO. 4**

Please identify any information, documentation, records, etc. which support Defendant's Seventh Affirmative Defense that the City of New Orleans at all times pertinent hereto was acting in good faith insofar as enforcing the laws and ordinances of the Parish of Orleans, and the Constitutions and statutes of the United States of America and the State of Louisiana.

**RESPONSE TO INTERROGATORY NO. 4**

See NOPD's objections and response to Interrogatory No. 3.

**INTERROGATORY NO. 5**

Please identify any information, documentation, records, etc. which support Defendant's Eighth Affirmative Defense that all actions taken by Defendant, the City of New Orleans herein were in good faith, under the law, and without malice.

**RESPONSE TO INTERROGATORY NO. 5**

See NOPD's objections and response to Interrogatory No. 3.

**INTERROGATORY NO. 6**

Please identify any information, documentation, records, etc. which support Defendant's Ninth Affirmative Defense that Defendant's, the City of New Orleans,

actions at all times pertinent hereto, were reasonable, justified, and legally permissible under the circumstances.

**RESPONSE TO INTERROGATORY NO. 6**

See NOPD's objections and response to Interrogatory No. 3.

**INTERROGATORY NO. 7**

Please identify any information, documentation, records, etc. which support Defendant's Tenth Affirmative Defense that Plaintiff's claims are untimely.

**RESPONSE TO INTERROGATORY NO. 7**

See NOPD's objections and response to Interrogatory No. 3.

**INTERROGATORY NO. 8**

Please identify any information, documentation, records, etc. which support Defendant's Eleventh Affirmative Defense that the claims of Plaintiff are frivolous, groundless, and/or unreasonable, and as such Defendant, the City of New Orleans herein is entitled to an award against the Plaintiff for attorney's fees and costs expended in this matter pursuant to federal law and, if applicable, 42 U.S.C. § 1988.

**RESPONSE TO INTERROGATORY NO. 8**

See NOPD's objections and response to Interrogatory No. 3.

**INTERROGATORY NO. 9**

Please identify any information, documentation, records, etc. in your possession which relate to Plaintiff's reports of sexual harassment and a hostile work environment.

**RESPONSE TO INTERROGATORY NO. 9**

NOPD references the same objections and response as stated in Response to Interrogatories No. 1 and No. 2.

**INTERROGATORY NO. 10**

Please describe the investigation process which occurred as a result of the anonymous complaint regarding the incident that occurred on June 20, 2020.

**RESPONSE TO INTERROGATORY NO. 10**

NOPD objects to Interrogatory No. 10 as written, as Plaintiff has previously alleged that the incident which is the subject of this complaint occurred sometime late in July 2020 (not June 2020) based on the anonymous letter sent to PIB on August 19, 2020, which alleged that an incident between Sgt Taillon and Officer Godchaux-Boudreaux occurred three weeks earlier. Subject to these objections and without waiving same, NOPD responds that an investigation was opened by PIB on receipt of the anonymous complaint letter on August 19, 2020, however the investigation is still open and active, accordingly, it is premature for NOPD to describe the "process" for an investigation that has not been completed.

**INTERROGATORY NO. 11**

Please state the reason for and identify any information, documentation, records, etc. which support Defendant's decision to transfer Plaintiff to the Hut and Run unit.

### RESPONSE TO INTERROGATORY NO. 11

NOPD objects to Plaintiff's Interrogatory No. 11 as unduly vague, in that no time period is identified for Plaintiff's alleged transfer to the Hit and Run Unit, which, depending on when it occurred, may be wholly unrelated to the incident at issue in this complaint. Subject to these objections and without waiving same, NOPD has been unable to locate any documents reflecting a transfer of Officer Godchaux-Boudreaux to the Hit and Run Unit.

### INTERROGATORY NO. 12

Please state the reason for and identify any information, documentation, records, etc. which provide reasoning for Plaintiff's loss of income possibilities.

### RESPONSE TO INTERROGATORY NO. 12

The City objects to Plaintiff's Interrogatory 12 as unduly vague, as no time period is identified relative to this request, and the phrase "loss of income possibilities" is unduly vague. Subject to these objections and without waiving same, the City responds that it is not aware of any "loss of income possibilities" of Plaintiff related to the incident which is the subject of Plaintiff's complaint.

### INTERROGATORY NO. 13

Please identify any information, documentation, records, etc., in your possession regarding home visits to Plaintiff's place of residence conducted by NOPD.

**RESPONSE TO INTERROGATORY NO. 13**

The City objects to Plaintiff's Interrogatory 13 as unduly vague, lacking any time parameters and therefore is not susceptible of a meaningful response. Plaintiff's Interrogatory No. 13 fails to identify a single specific dates on which any named NOPD personnel allegedly "visited" her home. Accordingly Interrogatory No. 13, as written, is not susceptible of a meaningful response.

**INTERROGATORY NO. 14**

Please provide any information you have regarding a dead bird left on Plaintiff's threshold.

**RESPONSE TO INTERROGATORY NO. 14**

The City objects to Plaintiff's Interrogatory 14 as unduly vague, lacking any time parameters and therefore is not susceptible of a meaningful response. No time period or specific dates are identified relative to this request, nor does Plaintiff indicate any alleged involvement by NOPD personnel, and the phrase "Plaintiff's threshold" is unduly vague. Interrogatory No. 14 as written, is not susceptible of a meaningful response.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Please produce any and all employment records in your possession regarding Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

NOPD objects to RFP No. 1 as an overly broad, unduly vague and burdensome request for Plaintiff's entire employment records with NOPD. NOPD maintains a personnel record, separate medical records, payroll records including rates of pay, promotions, and pay increases, attendance records, Academy Training records and recertification records, and separate files and medical records for NOPD officers, such as Plaintiff, who have been assigned to NOPD's Administratives Duty Division (ADD) while recovering from an illness or injury. Accordingly, NOPD requests that Plaintiff issue a more specific request of the type of records he wants produced, and to clarify any of the foregoing records NOPD has identified that are not relevant to Plaintiff's complaint in this matter.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce any information, documentation, records, etc. which support Defendant's claim that the City of New Orleans cannot be held liable for any discretionary acts and is otherwise immune from suit pursuant to LAS-R.S. 9:2798.1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

See NOPD's response to Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce any information, documentation, records, etc. which support Defendant's claim that the City of New Orleans at all times pertinent hereto was acting in good faith insofar as enforcing the laws and ordinances of the Parish of Orleans, and

the Constitutions and statutes of the United States of America and the State of Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

See NOPD's response to Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce any information, documentation, records, etc. which support Defendant's claim that all actions taken by Defendant, the City of New Orleans herein were in good faith, under the law, and without malice.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

See NOPD's response to Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce any information, documentation, records, etc. which support Defendant's claim that Defendant's, the City of New Orleans, actions at all times pertinent hereto, were reasonable, justified, and legally permissible under the circumstances.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

See NOPD's response to Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any information, documentation, records, etc. which support Defendant's claim that Plaintiff's claims are untimely.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

See NOPD's response to Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce any information, documentation, records, etc. which support Defendant's claim that the claims of Plaintiff are frivolous, groundless, and/or unreasonable, and as such Defendant, the City of New Orleans herein is entitled to an award against the Plaintiff for attorney's fees and costs expended in this matter pursuant to federal law and, if applicable, 42 U.S.C. § 1988.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

See NOPD's response to Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 8:**

**PLAINTIFF DID NOT ISSUE A RFP NO. 8.**

**REQUEST FOR PRODUCTION NO. 9:**

Please produce any information, documentation, records, etc. which support Defendant's decision to transfer Plaintiff to the Hit and Run Unit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

See NOPD's response to Interrogatory No. 11.

**REQUEST FOR PRODUCTION NO. 10:**

Please provide any information, documentation, records, etc., including but not limited to statements taken, which were created for the purpose of and as a result of any

and all investigations conducted by the NOPD Public Integrity Bureau regarding Plaintiff's allegations of sexual assault by Officer Stephanie Tallion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

See NOPD's response to Interrogatories No. 1, 2 and 10.

**REQUEST FOR PRODUCTION NO. 11:**

Please provide any information, documentation, records, incident reports etc., in your possession regarding home visits to Plaintiff's place of residence conducted by NOPD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

See NOPD's response to Interrogatory No. 13.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce any and all documents related to Plaintiff's allegation of sexual harassment by Officer Stephanie Tallion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

See NOPD's response to Interrogatory No. 1 and 2.

**REQUEST FOR PRODUCTION NO. 13:**

Please provide any and all reports in your possession submitted, filed, or documents in which Plaintiff states she was subjected to a hostile work environment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

See NOPD response to RFP No. 12.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce the personnel file of Officer Stephanie Tallion including any and all complaints made against her.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

NOPD objects to the overly broad requests for Sergeant Tallion's entire personnel file which may include confidential and personal information not relevant to the underlying complaint in this matter. Subject to these objections and without waiving same, NOPD has not identified any disciplinary letters in Sergeant Tallion's personnel file that relate to misconduct of a similar nature to that alleged in Plaintiff's complaint.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce any and all documents you received pursuant to a subpoena, public records request or other means that relate to Plaintiff's claims and/or your defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

NOPD objects to RFP No. 5 as unduly vague, as no time period or other specifications are provided. Subject to those objections and without waiving same, the City responds that it has not issued any subpoenas (SDTS) or Public Records Requests (PRR) in this litigation.

Respectfully Submitted:

*/s/ Elizabeth S. Robins*
**ERAKA W. DELARGE, LSB# 29702**

ASSISTANT CITY ATTORNEY
**ELIZABETH S. ROBINS, LSB# 25224**
DEPUTY CITY ATTORNEY
esrobins@nola.gov
**CHURITA H. HANSELL, LSB# 25694**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB # 23338**
CITY ATTORNEY
1300 PERDIDO STREET
CITY HALL - ROOM 5E03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 658-9800
FACSIMILE: (504) 658-9868
*Counsel for the City of New Orleans*

## Certificate of Service

I certify that I have served the above discovery responses on counsel of record for Plaintiff via email, this 3rd day of March, 2022.

/s/ Elizabeth S. Robins
Elizabeth S. Robins