UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIRA GODCHAUX-BOUDREAUX,<br><br>    Plaintiff<br><br><br>Versus<br><br><br><br>CITY OF NEW ORLEANS,<br><br>    Defendant | Case No.:  21-1525<br><br><br><br>SECTION: L<br>JUDGE ELDEN E. FALLON<br><br><br><br>MAGISTRATE: 3<br>JUDGE DANA M. DOUGLAS |

### CITY'S RESPONSE TO PLAINTIFF'S
### SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

NOW COMES the Defendant, the City of New Orleans (hereinafter "the City") who provides the following response to Kira Godchaux-Boudreaux's (hereinafter "Plaintiff") Second Set of Interrogatories and Requests for Production, propounded on June 17, 2022., requesting that the City respond within thirty (days).

**INTERROGATORY NO. 1:**

Please identify who made the decision to take Kira Godchaux-Boudreaux off detailed assignment status SOD/Traffic/Hit and Run – Accident Investigation Unit and move her to the 4th District in December of 2020 as indicated in the email sent December 3, 2020 (a copy of this email is attached to this request for your reference).

**RESPONSE TO INTERROGATORY NO. 1:**

Former New Orleans Police Department ("NOPD") Deputy Superintendent John Thomas, as he testified to during his sworn deposition testimony on June 24, 2022, issued an email to THE



Plaintiff on December 3, 2020, advising her that she was to report to Captain Nicholas Gernon, Commander of the Fourth District, effective Monday, December 6, 2020.  John Thomas also testified on June 24, 2022, that at the time he issued the December 3, 2020 email to Plaintiff, he was the Deputy Superintendent of the Field Operations Bureau (FOB), where he supervised all eight (8) of the New Orleans Police Districts, including the Fourth District, and he also supervised the Special Operations Division which included the Traffic Division.

**INTERROGATORY NO. 2:**

Please identify the individual(s) who made the initial complaint of witnessing the harassment/assault of Plaintiff by Sergeant Tallion in July 2020.

**RESPONSE TO INTERROGATORY NO. 2:**

The NOPD Public Integrity Bureau ("PIB") received an anonymous letter on August 19, 2020, alleging a single incident of misconduct by Sergeant Stephanie Taillon involving the Plaintiff, which the anonymous complainant alleged occurred about three weeks prior to the August 19, 2020 letter.  As Captain Precious Banks explained during her sworn deposition testimony on July 7, 2022, as the PIB Intake Investigator assigned to this anonymous complaint, there was no information in the letter identifying the anonymous complainant, nor did Captain Banks learn during her interviews of the Plaintiff and other police technicians who the anonymous complainant was.  Captain Banks also testified during her July 7, 2022 deposition, that when she took the Plaintiff's statement on August 20, 2020, Plaintiff said she was not the anonymous complainant, nor did the Plaintiff know who had made the anonymous complaint to PIB.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Please produce a copy of and any documentation in your possession pertaining to NOPD's Policies and Procedures related to sexual harassment that were in place from July 2019 to present and any changes made.

### REQUEST FOR PRODUCTION NO. 1:

On June 24, 2022, the City Produced a copy of NOPD Chapter 26.3 of the NOPD Operations Manual entitled Workplace Discrimination, Sexual Harassment and Retaliation, which has been in effect from May 7, 2017 thru the present. This was produced via email shortly after the start of the deposition of former NOPD Deputy Superintendent John Thomas, on June 24, 2022, who responded to questions asked by Plaintiff's counsel during the deposition regarding NOPD Chapter 26.3, a copy of which is attached to this discovery response.

### REQUEST FOR PRODUCTION NO. 2:

Please produce any and all documentation regarding the Public Integrity Bureau (PIB) administrative investigation relating to the anonymous sexual harassment complaint at issue in this matter regarding the incident that occurred between sergeant Stephanie Taillon and Kira Godchaux-Boudreaux in the summer of 2020.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

The NOPD PIB misconduct investigation into the anonymous complaint received on August 19, 2020, alleging a single incident of misconduct that allegedly occurred between Sgt. Taillon and the Plaintiff, cannot be produced at this time as NOPD does not have a completed report of that investigation. As Lieutenant John Helou ("Lt. Helou") testified during his 30(b)(6) deposition on June 27, 2022, the primary investigator has been out on extensive medical leave due

to a work injury that occurred in February of 2022, and had only recently submitted a draft of her final report to Lt. Helou for review. It is NOPD's policy not to release a PIB misconduct investigation report until the report is final, meaning that it has been reviewed and approved by the Investigator's Supervisor, up the NOPD Chain of Command all the way to NOPD's Superintendent Shaun Ferguson, with each of those officers in the chain of command indicating if they "concur" or "do not concur" with the Investigator's recommendations.

## REQUEST FOR PRODUCTION NO. 3:

Please produce a privilege log in accordance with the Federal Rules of Civil Procedure with regard to any documents you have already produced and/or produce in the future.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

The City objects to Plaintiff's Request for Production No. 3, demanding that the City provide a privilege log in accordance with Federal Rules of Civil Procedure, "with regard to any documents you have already produced and/or produce in the future", as not being susceptible of a meaningful response. Pursuant to the Federal Rules of Civil Procedure, a privilege log would only be required if the City was claiming that a privilege applied to any production ordered by the Court. In the present case, there is no production ordered by the Court, to which the City has not responded in full, accordingly there is no privilege log as required by the Federal Rules of Civil Procedure for the City to produce.

Respectfully Submitted:

_____*/s/ Elizabeth S. Robins*_____
ELIZABETH S. ROBINS, LSB #25224
DEPUTY CITY ATTORNEY
esrobins@nola.gov
ERAKA W. DELARGE, LSB #29702
ASSISTANT CITY ATTORNEY
CHURITA H. HANSELL, LSB #25694
CHIEF DEPUTY CITY ATTORNEY

KEVIN C. HILL, LSB #26338
SR. CHIEF DEPUTY CITY ATTORNEY
DONESIA D. TURNER, LSB #23338
CITY ATTORNEY
1300 PERDIDO STREET
CITY HALL, RM 5E03
New Orleans, LA 70112
Telephone: (504) 658-9800
Facsimile: (504) 658-9868

*Counsel for the City of New Orleans*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing discovery response on behalf of the City, has been served on Plaintiff's counsel of record via email this 17th day of July, 2022.

*/s/ Elizabeth S. Robins*
ELIZABETH S. ROBINS